William **SPRANGER**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 684S216.

Supreme Court of Indiana.

Dec. 3, 1986.

Terrance W. Richmond, Milan, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

DICKSON, Justice.

The Petition for Rehearing filed on behalf of defendant William Spranger asserts four arguments, one of which warrants further discussion. The other issues were fully presented, considered, and addressed in our principal opinion in *Spranger v. State* (1986), Ind., 498 N.E.2d 931.

Defendant contends that our decision is erroneous by reason of the wording utilized in the conclusion of our discussion of Issue XI:

> Defendant next contends that the trial judge disregarded the mitigating evidence entirely or, if he did not consider the evidence, did not accord it sufficient weight. To the contrary, the trial court's sentencing memorandum, attached as an appendix to this opinion, demonstrates the court did consider the mitigating evidence, *but found the mitigating factors did not outweigh the aggravating factors*. (Citations omitted, emphasis added)

Defendant is correct in his contention that the proper standard under Ind. Code §§ 35–50–2–9(e)(2) and 35–50–2–9(g)(2), is not merely that the mitigating factors did not outweigh the aggravating factors, but rather that the mitigating circumstances "are outweighed by the aggravating circumstance or circumstances."

The imprecise wording utilized in our opinion, however, does not detract from the standard applied by the trial court, as set forth in its sentencing memorandum attached as an appendix to the principal opinion. The trial court concluded:

> The possible mitigating factors which have been discussed in detail when, in context, are weighed against the aggravating factor, in context, causes the court to find and conclude beyond a reasonable doubt *the aggravating factor outweighs the possible mitigating factors*. (The use of a reasonable doubt is to indicate an expression of certainty, although the Court does not believe in this weighing and judgmental process that this is an appropriate test). [Parenthetical phrase in original. Emphasis added]

It is therefore clear that the sentencing court followed the correct statutory standard.

Petition for rehearing denied.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., would grant rehearing.